UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNY KIM, D.M.D.,<br>            Plaintiff,<br><br>    v.<br><br>JEFFREY L. SOULE and<br>LIBERTY ISLAND EXPRESS<br>            Defendants. | CIVIL ACTION<br>NO. 13-10240-TSH |

**ORDER**

**November 20, 2013**

Hennessy, M.J.

By Order of Reference dated October 16, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #46), this matter was referred to me for a ruling on Plaintiff Jenny Kim's Motion to Compel Discovery Responses (Docket #37). Defendant Liberty Island Express ("Liberty Island") has filed a response (Docket #40) to which Kim has replied (Docket #43). Liberty Island has also filed a sur-reply (Docket #47) and Kim has filed a reply to the sur-reply (Docket 50). This matter is now ripe for adjudication. For the reasons that follow, the Motion to Compel Discovery is DENIED.

I.    BACKGROUND

Kim filed this action in Worcester Superior Court asserting one count of negligence against Defendant Jeffrey Soule, one count of negligence against Liberty Island, and one derivative count of negligence against Liberty Island. (Docket #1-1 at ¶¶ 9-22). These claims arise out of a collision that occurred on December 23, 2011. (Id. at ¶¶ 5-8). At the time of the

collision, Kim was operating her motor vehicle on Route 290 eastbound in Worcester, Massachusetts. (Id. at ¶ 5). At the same time, Soule was operating a motor vehicle owned by Liberty Island on Route 290 westbound. (Id. at ¶ 6). A wheel from the vehicle operated by Soule collided with Kim's vehicle on Route 290 eastbound. (Id. at ¶ 7). Kim sustained bodily injuries as a result. (Id. at ¶ 8).

Defendants filed an answer to the complaint denying all claims and asserting various affirmative defenses on February 1, 2013. (Docket #1-3). On February 7, 2013, Defendants removed the action to this court on the basis of diversity jurisdiction. (Docket #1). Defendants filed a motion for leave to file an amended answer on March 19, 2013. (Docket #12). Defendants proposed to amend their answer to admit negligence and delete several of the affirmative defenses in order to limit the costs they would incur in litigating the negligence issues. (Docket #13 at 2). The motion was granted on April 9, 2013 (Docket #15), and the Amended Answer was filed that day (Docket #16).

On August 26, 2013, a status conference was held before Judge Hillman. (Docket #34). Counsel for Kim, who had recently entered an appearance, noted that he may amend the complaint to include a claim pursuant to chapter 93A of the Massachusetts General Laws. (Docket #35 at 4-5). Counsel for Kim indicated that he preferred to do discovery prior to amending the complaint, stating "There is an issue, and I prefer to do discovery beforehand before trying to amend the complaint, but, you know, that's sort of my preferred way as to whether or not there's a violation of 93A."[1] (Docket #35 at 4). The parties agreed to amend the scheduling order to extend the time for filing amended pleadings to December 15, 2013 and the production of documents and interrogatories to October 4, 2013. (Docket #34). The fact

---

[1] The Court notes that Kim quoted this statement, in part, in her motion, omitting the portion of the quotation starting with "but." (Docket #37 at 2).

discovery deadline of March 31, 2014 remained in effect as did the expert discovery deadlines. (Docket #34). The parties did not address whether 93A discovery would take place before the filing of an amended complaint.[2]

## II.   STANDARD

Federal Rule of Civil Procedure 26(b) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b) also allows a court "[f]or good cause," to "order discovery of any matter relevant to the subject matter involved in the action." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

## III.   ANALYSIS

Kim moves to compel Liberty Island to answer interrogatories and document requests that seek to determine whether liability attaches under Chapter 93A of the Massachusetts General Laws. (Docket #37 at 3). Kim has not amended her complaint to include a 93A claim. Therefore, discovery as to whether there is liability under Chapter 93A is not relevant to any party's claim or defense. See Fed. R. Civ. P. 26(b)(1). Thus, the applicable standard is whether there is "good cause" to support an exercise of the Court's discretion to allow this discovery; the Court is not bound to order discovery in this matter. See id. ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.") (emphasis added).

---

[2] Kim states that Defendants never raised any objections to conducting the 93A discovery before amending the complaint. While the transcript does not indicate any objections by Defendants to this method, the Court did not specifically inquire as to Defendants' view on the matter. (See Docket #35). The parties' discussions as to the amendment of the scheduling order took place off the record. Defendants' counsel filed an affidavit stating that he did not agree to engage in discovery on issues regarding the potential for a 93A claim at any point. (Docket #40-1). The Court finds that Defendants did not acquiesce to Kim's proposed plan of discovery.

The extensive filings in this case revolve around whether Kim can bring a viable 93A claim. Kim cites to <u>Klairmont v. Gainsboro Restaurant, Inc.</u>, 465 Mass. 165 (2013), in support of her assertion that a 93A claim would be viable against Defendants. (Docket #37 at 3). Liberty Island argues that any alleged violations by Liberty Island could not have occurred in "trade or commerce" and, therefore, Kim does not have a cause of action under 93A. (Docket #40 at 6-7).

In essence, the parties are asking this Court to issue an advisory opinion on whether a claim that has yet to be made would survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (<u>See</u>, <u>e.g.</u>, Docket #40 at 6-7) (addressing the absence of evidence to support a 93A claim). To do so would violate a fundamental constitutional principle: that a federal court's jurisdiction is limited to "Cases" or "Controversies." <u>See</u> U.S. Const., Art. III, § 2, cl. 1. Given this paramount concern, the Court will not permit 93A discovery at this juncture. <u>See</u> <u>Diaz-Padilla v. Bristol Myers Squibb Holding Ltd. Liab. Co.</u>, Civil No. 04-1003 (PG/GAG), 2005 U.S. Dist. LEXIS 5879, at *4 (D.P.R. Apr. 4, 2005) (stating, with respect to amendments to Federal Rule of Civil Procedure 26, "the rule change is meant to alert the federal courts that they 'have the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses' that are outside the scope of those already pleaded.") (quoting Fed. R. Civ. P. 26, Advisory Committee Notes (2000 Amendments)). Kim must first assert a cause of action pursuant to 93A before taking discovery on this issue. In addition to avoiding issuing an advisory opinion, this holding respects the Defendants' decision to admit negligence in order to reduce litigation costs.

The Court notes that ample time remains for Kim to amend her complaint to include a 93A claim.[3] (See Docket #34).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Compel Discovery is DENIED. The hearing on the motion scheduled for November 26, 2013 is hereby CANCELLED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to the amended scheduling order, amended pleadings are due by December 15, 2013. (Docket #34). Kim has filed a motion for an extension of time to February 15, 2014 to file amended pleadings, which is currently pending before the Court. (Docket #52).