# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNY KIM, D.M.D.,<br>          Plaintiff,<br><br>    v.<br><br>JEFFREY L. SOULE and<br>LIBERTY ISLAND EXPRESS<br>          Defendants. | CIVIL ACTION<br>NO. 13-10240-TSH |

## ORDER

### May 20, 2014

Hennessy, M.J.

By Order of Reference dated January 15, 2014, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #59), this matter was referred to me for a ruling on Plaintiff Jenny Kim's Motion to Amend Complaint (Docket #57). Defendants Jeffrey Soule and Liberty Island Express ("Liberty Island") has filed a response (Docket #58). This matter is now ripe for adjudication. For the reasons that follow, the Motion to Amend is DENIED.

I.    BACKGROUND

Kim filed this action in Worcester Superior Court asserting one count of negligence against Soule, one count of negligence against Liberty Island, and one derivative count of negligence against Liberty Island. (Docket #1-1 at ¶¶ 9-22). These claims arise out of a collision that occurred on December 23, 2011. (Id. at ¶¶ 5-8). At the time of the collision, Kim was operating her motor vehicle on Route 290 eastbound in Worcester, Massachusetts. (Id. at ¶ 5). At the same time, Soule was operating a motor vehicle owned by Liberty Island on Route

290 westbound. (Id. at ¶ 6). A wheel from the vehicle operated by Soule collided with Kim's vehicle on Route 290 eastbound. (Id. at ¶ 7). Kim sustained bodily injuries as a result. (Id. at ¶ 8).

Defendants filed an answer to the complaint denying all claims and asserting various affirmative defenses on February 1, 2013. (Docket #1-3). On February 7, 2013, Defendants removed the action to this court on the basis of diversity jurisdiction. (Docket #1). Defendants filed a motion for leave to file an amended answer on March 19, 2013. (Docket #12). Defendants proposed to amend their answer to admit negligence and delete several of the affirmative defenses in order to limit the costs they would incur in litigating the negligence issues. (Docket #13 at 2). The motion was granted on April 9, 2013 (Docket #15), and the amended answer was filed that day (Docket #16).

On August 26, 2013, a status conference was held before Judge Hillman. (Docket #34). Counsel for Kim, who had recently entered an appearance, noted that he may amend the complaint to include a claim pursuant to chapter 93A of the Massachusetts General Laws. (Docket #35 at 4-5). The parties agreed to amend the scheduling order to extend the time for filing amended pleadings to December 15, 2013 and the production of documents and interrogatories to October 4, 2013. (Docket #34). The fact discovery deadline of March 31, 2014 remained in effect as did the the dispositive motion deadline of April 30, 2014 and the expert discovery deadlines.[1] (Dockets #22, 34).

On September 25, 2013, Kim moved to compel Liberty Island to answer interrogatories and document requests that sought to determine whether liability attached under Chapter 93A.

---

[1] On April 1, 2014, Judge Hillman entered an amended scheduling order setting deadlines of May 30, 2014 for fact discovery, April 15, 2014 for designation of Kim's expert, June 17, 2014 for designation of Defendants' expert, and June 30, 2014 for dispositive motions. (Docket #63).

(Docket #37). The Court denied the motion, stating that Kim must first assert a cause of action pursuant to Chapter 93A before taking discovery on the issue. (Docket #53).

On November 25, 2013, Kim filed the present motion, seeking to amend her complaint to include a count against Liberty Island alleging violations of Chapter 93A. (Docket #37). In the proposed amended complaint, Kim alleges that Liberty Island was required to maintain the vehicle operated by Soule according to Federal Motor Carrier Safety Administration ("FMCSA") regulations. (Docket #57-1 at ¶ 8). Kim further alleges that, at all relevant times, Liberty Island violated FMCSA regulations, such violations constituted unfair and deceptive trade practices, and, as a result of these violations, Kim suffered damages.[2] (Id. at ¶¶ 29-31).

## II. STANDARD

---

[2] Specifically, Kim cites to the following relevant FMCSA regulations:

49 C.F.R. § 396.3 Inspection, repair and maintenance

(a) General. Every motor carrier and intermodal equipment provider must systemically inspect, repair, and maintain, or cause to be systemically inspected, repaired, and maintained, all motor vehicles and intermodal equipment subject to its control.

(1) Parts and accessories shall be in safe and proper operating condition at all times. These include those specified in part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels and rims and steering systems.

. . .

(b) Required records. Motor carriers, except for a private motor carrier of passengers (nonbusiness), must maintain, or cause to be maintained, records for each motor vehicle that they control for 30 consecutive days. Intermodal equipment providers must maintain or cause to be maintained, records for each unit of intermodal equipment they tender or intend to tender to a motor carrier. These records must include:

(1) An identification of the vehicle including company number, if so marked, make, serial number, year, and tire size. In addition, if the motor vehicle is not owned by the motor carrier, the record shall identify the name of the person furnishing the vehicle;

(2) A means to indicate the nature and due date of the various inspection and maintenance operations to be performed;

(3) A record of inspection, repairs, and maintenance indicating their date and nature; and

(4) A record of tests conducted on pushout windows, emergency doors, and emergency door marking lights on buses.

3

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a pleading] when justice so requires." A motion to amend should be granted unless it is apparent that it would be futile or reward undue or intended delay. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Where, as here, leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hatch v. Dep't for Children, 274 F.3d 12, 19 (1st Cir. 2001).

III. ANALYSIS

Section 2(a) of Massachusetts General Laws Chapter 93A proscribes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 9 of that chapter creates a cause of action for "[a]ny person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder[.]" Mass. Gen. Laws ch. 93A, § 9(1). An act occurs in trade or commerce if it is "perpetrated in a business context." Lantner v. Carson, 374 Mass. 606, 611 (1978), quoted in Klairmont v. Gainsboro Rest., Inc., 465 Mass. 165, 176 (2013).

At issue is whether the alleged unfair or deceptive acts occurred in trade or commerce. Liberty Island asserts that the accident did not occur in trade or commerce as there is no allegation that Kim was acting as a consumer at the time of the accident and there was no semblance of a business relationship between Kim and Liberty Island. (Docket #58 at 4). Kim argues that, because Liberty Island was leasing its truck and providing professional driving services to deliver goods at the time of the accident, Liberty Island was engaged in trade or commerce as contemplated under Chapter 93A. (Docket #57 at 5). Kim asserts that parties do

4

not need any relationship whatsoever to bring a Chapter 93A claim and that the only requirement is that the plaintiff was injured by an unfair or deceptive act committed by the defendant while the defendant was engaged in trade or commerce. (Id. at 9).

One does not need to be a consumer or in privity with the defendant to recover under Section 9 of Chapter 93A. Maillet v. ATF-Davidson Co., 407 Mass. 185, 192 (1990). However, the wrongful conduct must still occur in a business context. Lantner, 374 Mass. at 611. "[W]hether a transaction occurs in a business context must be determined by the facts of each case;" the factors considered include "the nature of the transaction, the character of the parties and their activities, and whether the transaction was motivated by business or personal reasons." Poznik v. Mass. Med. Prof'l Ins. Ass'n, 417 Mass. 48, 52 (1994) (quotations omitted), cited in Klairmont, 465 Mass. at 176.

The Court finds the reasoning in Swenson v. Yellow Transportation, Inc., involving a similar factual scenario, instructive. The Swenson case arose out of a crash between a car driven by a plaintiff and a tractor-trailer being driven by the defendant George Thing within the scope of his employment by defendant Yellow Transportation, Inc. Swenson, 317 F. Supp. 2d 51, 53 (D. Mass. 2004). The Swenson court held that plaintiffs' claim under Chapter 93A failed for the reason that the conduct complained of was not undertaken in a business context or as part of a business transaction between the defendants and the plaintiffs. Id. at 56. The Swenson court stated that, while defendant Yellow Transportation, Inc., as a business, was engaged in trade or commerce, it did not have any commercial dealings involving the plaintiffs and, therefore, Chapter 93A was inapplicable. Id. Because there was no relationship between the plaintiffs and the defendants at all prior to the accident, the Swenson court found that it was "axiomatic that the

alleged wrongful conduct did not arise in a business context between them" or between defendants and any other travelers on the road. Id. at 57.

Kim argues that Swenson misapplied the requirement of privity and thus, the Court should not rely on that case's reasoning. (Docket #57 at 11). However, the Court finds that Swenson's reasoning as to whether alleged unfair or deceptive acts occurred in trade or commerce is supported by the by the Supreme Judicial Court of Massachusetts' analysis in Klairmont v. Gainsboro Restaurant, Inc., a case frequently cited by Kim in support of her motion. In Klairmont, a decedent's parents, as executors of his estate, sued the owners of the restaurant where the decedent had sustained injuries resulting in his death from falling down a staircase. Klairmont, 465 Mass. at 166-67. The court held that the plaintiffs were entitled to recover on their Chapter 93A claim based on the defendants' violation of building codes. Id. at 167. As a necessary antecedent of this holding, the court determined that the conduct occurred in trade or commerce because the decedent was a patron at the defendant restaurant at the time of his fall. Id. at 176. In conclusion the court stated that "not all building code violations – indeed, very few – will give rise to violations of Chapter 93A, either because they would lack the unfairness or deceptiveness present in this case or because they do not arise in trade or commerce." Id. (emphasis added). However, because the defendants had "violated the building code for decades to avoid the expense and complications of required improvements, and the violations created a hazardous environment for patrons of the defendants' business, a danger of which the defendants were well aware," the defendants were liable under Chapter 93A. Id. at 177 (emphasis added).

While Liberty Island was engaged in trade or commerce at the time of the accident, the alleged wrongful conduct did not arise in a business context between Kim and Liberty Island as

6

evidenced by the lack of any relationship prior to the accident between the defendants and Kim. See id. at 176-77; Swenson, 317 F. Supp. 2d at 56-57.  Because the alleged wrongful conduct did not arise in trade or commerce, Kim is precluded from asserting a claim under Chapter 93A. Since the proposed Chapter 93A claim would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the amendment of the complaint would be futile.  See Hatch, 274 F.3d at 19.

IV.     CONCLUSION

    For the foregoing reasons, the Motion to Amend Complaint (Docket #57) is DENIED.


                                    /S/ David H. Hennessy
                                    David H. Hennessy
                                    UNITED STATES MAGISTRATE JUDGE